**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOHNIFER RAY MUMPHREY #619104** | § | |
| | § | |
| **V.** | § | **A-11-CA-743-SS** |
| | § | |
| **RISSIE OWENS** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No.1); Defendant's Motion for Summary Judgment (Document No. 19); and Plaintiff's response thereto (Document No. 21). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I.  BACKGROUND

At the time he filed his complaint, Plaintiff was an inmate incarcerated in the Harris County Jail. Plaintiff was subsequently transferred to the Ben Reid Correctional Facility. Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging sex offender conditions (Condition X) were imposed without due process upon his release to mandatory supervision for burglary of a motor vehicle. Plaintiff sues Rissie Owens. He seeks injunctive and declaratory relief.

Defendant Owens moves for summary judgment, explaining Plaintiff was previously convicted of sexual assault.  Accordingly, she argues Plaintiff was provided all the process he was due.

## II. ANALYSIS

A.     Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996);  Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995);  FED. R. CIV. P. 56.[1]

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986).  The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense.  Id. at 322, 106 S. Ct. at 2552.  In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses.  Id. at 323-24, 106 S. Ct. at 2554.  At that point, the burden shifts to the non-moving party to "produce

---

[1]Effective December 1, 2010, Rule 56 was amended. Although there is a slight language change and a change in the designation of subsections, the legal standard remains the same. See FED. R. CIV. P. 56(a) (eff. Dec.1, 2010) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

B.      Sex Offender Conditions

Defendant Owens provides the Court with summary judgment evidence proving Plaintiff was convicted of sexual assault in Cause No. 17-496-B in the 124th Judicial District Court of Gregg County Texas and was sentenced to five years in prison on August 25, 1989.

In a case such as this, the standard governing due process was made clear by the Fifth Circuit in Jennings v. Owens, 602 F.3d 652 (5th Cir. 2010). As set forth therein, a liberty interest sufficient to invoke the protections of due process is implicated when an offender suffers a change in the conditions of confinement which is both stigmatizing and qualitatively different from the punishment characteristically suffered by a person convicted of a crime. Id. at 657-58. The court made clear a finding of stigma required an offender to be subjected to a label which was false. Id. at 658. The

3

Fifth Circuit recognized the sex-offender conditions imposed by Texas were qualitatively different than other conditions attending an inmate's release.  Id. at 658.  The Fifth Circuit further recognized the conditions would cause stigma "if they were imposed on an individual who . . . had never been convicted of a sex offense."  Id. at 659.  However, the court concluded stigma could not attach to Jennings as a result of the imposition of sex-offender conditions because the label of "sex offender" was not false as it accurately reflected his prior conviction history, a history he had a full and fair opportunity to contest at the time of his conviction.  Id. at 659.

As in Jennings, the conclusion in this case is inescapable.  The Fifth Circuit has made clear a parolee who has been previously convicted of a sex offense may be subject to labeling as a sex offender by Texas parole authorities without additional process being afforded.  As a convicted sex offender, Plaintiff has received all the process he is due.  As such, the sex-offender label is not false, and Plaintiff had a full and fair opportunity to contest his conviction.

C.    Sex Offender Registration

In his response to Defendant's Motion for Summary Judgment Plaintiff raises an additional claim.  Plaintiff contends he should not be required to register as a sex offender, because he discharged his sentence for sexual assault on August 25, 1994.

Because Plaintiff added this claim after Defendant Owens filed her Motion for Summary Judgment, the Court will analyze the claim pursuant to 28 U.S.C. § 1915(e).  An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or

4

maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible.  Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets."  Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

The sex offender registration program applies to reportable convictions or adjudications occurring on or after September 1, 1970.  See TEX. CRIM. PROC. CODE ANN. art. 62.002.  Plaintiff committed the offense of sexual assault and repetition of a felony on May 6, 1989.  Sexual assault is a reportable offense under article 62.001(5)(A) of the Texas Criminal Procedure Code.  Therefore, the sex offender registration law applies to him, and he is required to register for life.  See TEX. CRIM. PROC. CODE ANN. art. 62.101(a).  Accordingly, Plaintiff has failed to state a valid claim for relief.

## II.  RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendant's Motion for Summary Judgment with regard to Condition X and **DISMISS WITH PREJUDICE** Plaintiff's claim regarding sex offender registration pursuant to 28 U.S.C. § 1915(e).

## III. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415, 1428-29 (5th Cir. <em>en banc</em>, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of January, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE